IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:15CV3006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GRETCHEN EURIE, NEOC, BARB ALBERS, Sup., NECO, CINDY KING, Director, NEOC, EARL REDDRICK, investigater, and H.U.D. DIRECTOR OMAHA, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins filed his Complaint (Filing No. 1) in this matter on January 14, 2015. This court has given him leave to proceed in forma pauperis. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sued three employees of the Nebraska Equal Opportunity Commission ("NEOC"), Gretchen Eurie, Barb Albers, and Cindy King, and the director of the United States Department of Housing and Urban Development's ("HUD") Omaha Field Office, Earl Reddrick. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleged that he filed a complaint with the NEOC in 2014 concerning the unspecified conduct of Mike Wilson. According to Plaintiff, Defendants were aware that Wilson received "federal H.U.D. funding." Despite this knowledge, NEOC Defendants conducted a local or state investigation into Plaintiff's NEOC complaint and found "no reasonable cause." As a result, Plaintiff was denied a "*federal* H.U.D. investigation into his N.E.O.C. complaint." (*Id.* (emphasis added).) Plaintiff alleged that, had HUD conducted a

*federal* investigation, there is "a great probability that the result would have been different." (*Id.* at CM/ECF p. 2.)

For relief, Plaintiff asks the court to order HUD to conduct a federal investigation into his case against Mike Wilson. (*Id.* at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2

## III. DISCUSSION OF CLAIMS

The court cannot decipher a plausible claim for relief from Plaintiff's allegations. He alleged he was denied a *federal* investigation into a complaint he filed against Mike Wilson with the Nebraska Equal Opportunity Commission. Even if Mike Wilson was receiving federal funds, as Plaintiff alleged, he does not explain why he is entitled to an investigation by federal authorities. Moreover, he does not explain what duty Defendants had to refer his NEOC complaint to federal authorities. In addition, he does not suggest that NEOC officers were not authorized to review and investigate all of the claims Plaintiff raised in his NEOC complaint.

On the court's own motion, the court will provide Plaintiff an opportunity to file an amended complaint that states a plausible claim for relief against Defendants. Plaintiff should be mindful to explain what specific legal rights Plaintiff believes each Defendant violated.

IT IS THEREFORE ORDERED that:

1. Plaintiff must file an amended complaint within 30 days that asserts plausible claims for relief. Failure to do so will result in the court dismissing this action for failure to diligently prosecute it.

2. The clerk of the court is directed to set the following pro se case management deadline: May 11, 2015: Check for amended complaint.

DATED this 9th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.